UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD AGUIRRE, | No. C 09-763 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DR. J. ADAMO; et al., | |
| Defendants. | |

## INTRODUCTION

Arnold Aguirre, an inmate at the Salinas Valley State Prison, filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Aguirre alleges the following in his complaint: In December 2007, he went to see the dentist, Dr. Munk, for a dental exam. Aguirre brought to Dr. Munk's attention that he had an abscess; Dr. Munk noted it but did not provide Aguirre with antibiotics. On January 30, 2008, Aguirre returned to the dental clinic with tooth pain. Dr. Munk extracted two teeth, and ordered pain medication and antibiotics. Aguirre returned to his cell.

On January 31, 2008, Aguirre was having difficulty breathing, swallowing, talking, and sought help from nurse Moses, who was passing out medicine in the housing unit. Nurse Moses later informed Aguirre that he (Moses) had called but there was no one available on the weekend to help him. Moses left without providing any help to Aguirre.

Aguirre's neck, lower jaw and mouth swelled, and eventually he was unable to swallow, eat, or drink. On February 4, 2008, Aguirre was rushed to Natividad Medical Center, where he had emergency surgery to address the oral infection. He states that he had four surgeries, and spent ten days in the intensive care unit.

Aguirre alleges that Dr. J. Adamo, the chief dental officer at the prison, failed to properly supervise Dr. Munk.

Aguirre alleges that Dr. R. Bowman, a physician who evaluated him when he went to the prison emergency room, acted improperly in two ways. He alleges that Dr. Bowman initially did not want to send Aguirre to Natividad Medical Center by ambulance, and only agreed to do so after consulting with Dr. Adamo, who confirmed the seriousness of the condition. Aguirre also alleges that, upon his return to the prison after his stay in the hospital, Dr. Bowman sent him back to a regular cell instead of housing him in the infirmary, and there was more dust and dirt from the facility yard in a regular cell. Nothing is alleged to have come from his placement in his cell instead of in the infirmary.

Aguirre contends that Dr. Lee, the chief medical officer at the prison, failed to have in place a supervising nurse who would have been able to help him with his life-threatening infection, and failed to properly train and supervise facility medical staff.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). Serious medical needs may include dental care needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Liberally construed, complaint states cognizable claims against defendants Dr. Munk, Dr. Adamo, Dr. Lee and nurse Moses for violating Aguirre's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. As to Dr. Adamo and Dr. Lee, the complaint adequately pleads a claim based on their failure to train and supervise. See Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) ("It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'")

One defendant is entitled to dismissal: Dr. Bowman. Dr. Bowman allegedly did not want to send Aguirre by ambulance to Natividad, but agreed to it after consulting with Dr. Adamo. The alleged hesitation in sending the prisoner out of the prison for treatment does not show deliberate indifference. His choice to provide the allegedly necessary care after receiving further input changed his mind shows he didn't know of a substantial risk fo serious harm and disregard it. Dr. Bowman also allegedly sent Aguirre back to his cell rather than

3

keep him in the infirmary after he returned from the hospital. But Aguirre does not allege that anything of consequence happened as a result of his return to his cell, or that there was a particular need for him to be in the infirmary. Determining to return a healing inmate to his cell does not amount to deliberate indifference.

## CONCLUSION

For the foregoing reasons,

1.     Plaintiff has stated a cognizable § 1983 claim against defendants Adamo, Munk, Lee and Moses. All other defendants and claims are dismissed.

2.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and this order upon the following individuals, all of whom apparently are employed in the medical or dental department at Salinas Valley State Prison:

- Dr. J. Adamo (chief dental officer)
- Dr. Munk (dentist)
- Dr. Charles Lee (chief medical officer)
- licensed vocational nurse Moses

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

     a.     No later than **December 11, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

     b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 15, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when

4

1  there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

       c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **January 29, 2010**.

    4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    6.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 28, 2009

_____
Marilyn Hall Patel
United States District Judge